RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3/29/12
JDB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANTHONY FONTENOT #333968 | DOCKET NO. 11-cv-2023; SEC. P |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| WARDEN SANDY McCAIN, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed in forma pauperis by pro se Plaintiff **Anthony Fontenot**. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC) and is housed at the J. Levy Dabadie Correctional Center (JLDCC) in Pineville, Louisiana. Plaintiff complains that he is unconstitutionally being denied the right to marry an inmate at St. Gabriel Correctional Center.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Law and Analysis*

Plaintiff argues that he has a constitutional right to marry his fiancé at St. Gabriel Correctional Center under Turner v. Safely, 482 U.S. 78 (1979). He sought permission from the warden, but was ultimately told that he could not marry her until one of them was released from incarceration.

Prisoners have a constitutionally protected right to marry, but this right is subject to substantial restrictions as a result of incarceration. See Turner, 482 U.S. at 95. In the Turner case,

the specific restriction at issue was deemed unconstitutional - not any and all restrictions. The Court acknowledged that security concerns may require placing reasonable restrictions on an inmate's right to marry. Id. at 97.

In this case, Plaintiff was not told that he could not get married. He was informed that either he or his fiancé had to be out of jail in order to do so. Under Title 22, Section 329 of the Louisiana Administrative Code, an offender's request to be married is to be submitted to the warden, followed by a meeting to determine if the parties meet all of the legal requirements for marriage. "Absent unusual circumstances related to legitimate penological objectives, the warden or designee should approve the marriage request and set an appropriate time and place for the ceremony." 22 LA ADC Pt I, §329. The code notes that "[i]f both parties are incarcerated in correctional institutions, the marriage may be postponed until one of them has been released." This is because, although an offender has a general right to marry, he does not have a right to have another inmate transported by the state to his facility of incarceration. Nor does Petitioner have a right to be temporarily released from his incarceration to go marry his fiancé at St. Gabriel. The administrative code is clear that "[f]urloughs[1] will not be granted for a marriage." 22 LA ADC Pt I, §329.

---

[1] A furlough is a brief release from prison.

Petitioner has not alleged a regulation or restriction such as the one at issue in Turner v. Safely. He has failed to allege the violation of a constitutional right.

Accordingly, **IT IS RECOMMENDED** that Plaintiff's complaint be **denied and dismissed** as frivolous.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of March, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE